FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 05, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ARTHUR FRANK CARDENAS,<br><br>Defendant. | No. 1:24-CR-02027-SAB-30<br><br>**ORDER DENYING MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATIONS** |

Before the Court is Defendant's Motion to Dismiss for Speedy Trial Violations, ECF No. 1158. A hearing on the motion was held on November 18, 2025, in Yakima, Washington. Defendant was not present but was represented by Matthew McHenry, who appeared by videoconference. The United States was represented by Benjamin Seal.

Defendant asks the Court to dismiss the Superseding Indictment with prejudice, as to the counts alleged against him because of violations of the Speedy Trial Act and the U.S. Constitution.

### Background

Defendant was initially charged in 24-CR-56-SAB with two other co-Defendants, with: (1) attempting to retaliate against a federal witness; and (2) conspiracy to retaliate against a federal witness. He was arraigned in this case in April 2024. Trial was set for July 29, 2024. The defendants jointly moved to

**ORDER DENYING MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATIONS ~ 1**

continue the trial for 120 days. The Court granted the motion and continued the trial to December 2, 2024.

A pretrial conference was held on November 14, 2024. Prior to the hearing, the United States moved to dismiss the Indictment pursuant to Fed. R. Cr. P. 48(a). Neither Defendant nor his co-Defendants objected to the motion. The Court granted the motion on the same day.

Prior to this, the US had filed a Superseding Indictment in 24-CR-2027-SAB, *United States v. Hanrahan, et al.,* adding 13 defendants to the original charges, including Defendant. And prior to the filing of the Superseding Indictment, the Court issued an Order declaring the case complex, continuing the trial to June 23, 2025, and excluding time under the Speedy Trial Act between June 24, 2024, the current trial date and June 23, 2025.[1] Defendant was charged in the *Hanrahan* case with the same two charges as in the initial case.

Defendant filed an appearance in writing on November 4, 2024, waiving arraignment on the superseding *Hanrahan* Superseding Indictment and asking the court to set the case for trial. ECF No. 730, 732. On November 5, 2024, the Magistrate Judge accepted Defendant's arraignment waiver and entered pleas of Not Guilty to all charges on his behalf. ECF No. 744. At this point, Defendant's trial was set for June 23, 2025 (along with all of the co-defendants).

---

[1] On October 29, 2025, the Court entered an Order in which it excluded the time between June 24, 2024, until the new trial date yet to be set because the ends of justice served by the continuance outweighed the public's and the Defendants' interest in a speedy trial. It found the case continued to be complex due to the number of defendants, the scope of the alleged criminal conduct and the amount of discovery, which made it unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act. ECF No. 1231.

**ORDER DENYING MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATIONS ~ 2**

A status conference was held on December 13, 2024 to discuss the case schedule. Mr. McHenry participated on behalf of Defendant. Prior to the hearing, Stephen Hormel, counsel for co-Defendant Scheck, submitted a Joint Status Report on behalf of defense counsel indicating the proposed dates in the Report were circulated to all defense counsel for review and suggestions and those who responded agreed that the proposed schedule was reasonable, given the amount of discovery, the number of defendants, and the complexity of the case, particularly for those defendants charged in engaging in a continuing criminal enterprise. ECF No. 853. The Court accepted the proposed schedule after hearing no objections in a written Order that set certain pretrial deadlines as well as set the jury trial for January 12, 2026. ECF No. 864. The Court excluded the time between June 23, 2025, and January 12, 2026. *Id.*

Defendant filed a timely motion to sever on May 5, 2025. ECF No. 930. The Court granted the Motion, in part, orally on June 4, 2025 and in a written order on June 5, 2025. ECF No. 1012.

A status hearing was held on September 19, 2025. At the hearing, Ms. Baunsgard stated she anticipated at least 8-10 defendants would be filing pretrial motions, and that several attorneys told her that they did not believe the January 2026 trial date was reasonable. Because no motion to continue the trial date had been filed, the Court indicated it would keep the trial date. Mr. Marchi then orally moved to strike the trial date because CJA counsel were not getting paid and it would be unreasonable to ask them to prepare for trial without compensation. The Court granted the oral motion to strike the trial date, finding it would not require attorneys to go to trial without being paid. The Court instructed counsel to present a proposed case management order the Court would consider at a later status hearing.

The status hearing was held on October 22, 2025. The Court entered a Second Amended Case Management Order, setting various pretrial deadlines. At

**ORDER DENYING MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATIONS ~ 3**

the status hearing, the Court indicated it would not set a jury trial until after it ruled on the pending motions. ECF No. 1227

## Legal Framework

### A. Speedy Trial Act

Under the Speedy Trial Act, a defendant must be brought to trial within 70 days of the indictment or of their initial appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c); *United States v. Clymer*, 25 F.3d 824, 827 (9th Cir. 1994). Because "the right to speedy trial belongs not only to the defendant, but to society as well," it is designed "in part to protect the public's interest in the speedy administration of justice."

District courts have "an independent responsibility to protect both the defendant's and the public's strong interest in the timely administration of justice." *United States v. Hall*, 181 F.3d 1057, 1062 (9th Cir. 1999). Particularly in cases in which the defendant remains incarcerated pending trial, "district courts are under a duty to ensure that a trial occurs as promptly as possible, consistent with affording the defendant a full opportunity to prepare his case." *Clymer*, 25 F.3d at 827 n.3.

Section 3161(h) of the Act specifies in detail numerous categories of delay that are not counted in applying the Act's deadlines. *Zedner v. United States*, 547 U.S. 489, 500 (2006). Subsection (h)(8) permits ends-of-justice continuances—that is where the ends of justice outweigh the best interest of the public and the defendant in a speedy trial. Factors the district court must evaluate in making this determination include:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate

**ORDER DENYING MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATIONS ~ 4**

preparation for pretrial proceedings or for the trial itself within the time limits established by this section;

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. § 3161(h)(7)(B)(i)–(iv).

The "ends of justice" exclusion must be "(1) specifically limited in time and (2) justified on the record with references to the facts as of the time the delay is ordered." *United States v. Ramirez-Cortez*, 213 F.3d 1149. 1154 (9th Cir. 2000) (quotation omitted). "Simultaneous ends of justice findings are unnecessary so long as the trial court later shows that the delay was motivated by proper considerations." *United States v. Bryant*, 726 F.2d 510, 511 (9th Cir. 1984).

Section 3161(h)(6) provides that a court shall exclude a reasonable period of delay "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).

The filing of a superseding indictment does not automatically reset the Speedy Trial clock where the new indictment does not charge a new crime but only corrects a defect in the original indictment. *United States v. King*, 483 F.3d 969 (9th Cir. 2007). This prevents the government from circumventing the speedy trial

**ORDER DENYING MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATIONS ~ 5**

guarantee by restarting the speedy-trial clock by obtaining superseding indictments with minor corrections. *Id.* (quotation omitted).

### B. Motions to Dismiss

18 U.S.C. § 3162(2) provides:

> (2) If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant. The defendant shall have the burden of proof of supporting such motion but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3). In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice. Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section.

In ruling on a defendant's motion to dismiss, the court must tally the unexcluded days, which in turn requires identifying the excluded days. *Zedner*, 547 U.S. at 507.

### C. Sixth Amendment

The Sixth Amendment to the United States Constitution also provides a defendant a fundamental "right to a speedy and public trial." The constitutional speedy trial right exists to "prevent undue and oppressive incarceration prior to trial, minimize anxiety and concern accompanying a public accusation, and limit the possibilities that long delay will impair the ability of an accused to [present a defense]." *United States v. Ewell*, 383 U.S. 116, 120 (1966). The remedy for a violation of the constitutional right to a speedy trial is dismissal with prejudice. *Strunk v. United States*, 412 U.S. 434, 440 (1973).

To determine whether a defendant's constitutional speedy trial rights have

**ORDER DENYING MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATIONS ~ 6**

been violated, courts focus on four factors: (1) length of delay; (2) reason for delay; (3) whether, when, and how the defendant asserted the speedy trial right; and (4) whether the defendant was prejudiced by the delay. *Barker v. Wingo,* 407 U.S. 514, 530–34 (1972); *see also McNeely v. Blanas*, 336 F.3d 822, 826 (9th Cir. 2003).

### Analysis

To determine whether the Act has been violated, the Court must first ascertain when the 70-day Speedy Trial clock began running. *United States v. King*, 483 F.3d 969, 972 (9th Cir. 2007). To do this, the Court will review the following distinct time periods:

**1. November 14, 2024-June 23, 2025**

November 14, 2024 conceivably starts the clock because this is when the Magistrate Judge entered a not guilty plea on behalf of Defendant. However, the Court had previously excluded this time (June 24, 2024 – June 23, 2025) for Defendant's co-defendants. ECF No. 489. To the extent necessary, the Court finds this time was excludable as to Defendant pursuant to § 3161(h)(6), and was excludable as to his co-Defendants because the ends of justice outweighed the public's interest in a speedy trial, given the number of defendants, the scope of the alleged criminal conduct and the amount of discovery, making it unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speed Trial Act. Because all this time was excluded, no Speedy trial clock time expired during this period.

**2. June 23, 2025 to January 12, 2026**

Defendant's counsel participated in the December 14, 2024 scheduling hearing. Prior to that hearing, Mr. Hormel filed a proposed schedule on behalf of all defense counsel. At the hearing, the Court asked if there were any objections to the schedule and if not, the Court was going to use the proposed dates in the Scheduling Order. No objections were lodged. In its December 19, 2024

**ORDER DENYING MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATIONS ~ 7**

Scheduling Order, the Court excluded the time between June 23, 2025 and January 12, 2026.

To the extent necessary, the Court finds this time was excludable as to Defendant because the ends of justice outweighed the public's interest in a speedy trial, given the number of defendants, the scope of the alleged criminal conduct and the amount of discovery, making it unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speed Trial Act. Additionally, as explained in various court proceedings, the Court was concerned that counsel would not be able to be adequately prepared during this time because of the lapse in appropriations resulted in CJA attorneys not being paid for a significant period. Consequently, Defendant's speedy trial clock does not begin to run until January 13, 2026.

Defendant has not argued, nor has the Court found any caselaw that requires the Court to recalculate the excluded Speedy Trial time that was properly granted in the first instance.[2] Moreover, the Court explicitly stated at the June 4, 2025 hearing that its previous Order declaring the case complex for speedy trial purposes continued to apply to all Defendants, even the severed Defendants.

//

---

[2] *See e.g. United States v. Henderson*, 476 U.S. 321,323 (1986). In that case, the question was the effect of adding new charges and an additional defendant in a superseding indictment in the initial co-defendant's speedy trial clock. The U.S. Supreme Court noted that all defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant. *Id*. at 323 n.2. Once the latest co-defendant was added, the 70-day period was measured with respect to that defendant, even though that defendant was severed from the other co-defendants as soon as trial commenced. *Id.* The Court did not recalculate the excludable time after the latest co-defendant was severed.

**ORDER DENYING MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATIONS ~ 8**

### 3. Filing of Motion to Sever

Defendant filed his Motion to Sever on May 5, 2025. Thus, the time between May 5, 2025, and June 5, 2025, the date the Court issued its Order, is excluded from Defendant's 70-day Speedy Trial clock. *United States v. Daychild*, 357 F.3d 1082, 1095 (9th Cir. 2004) (noting the day on which a defendant files a motion tis excludable for purposes of calculating 70-day statutory speedy trial periods, as is the day on which the motion is resolved).

### 4. Filing of Motion to Dismiss

Defendant filed his Motion to Dismiss on September 16, 2025. Thus, the time from September 16, 2025 until up to 30 days after the hearing, or when this Order is filed, is excluded from Defendant's 70-day Speedy Trial clock. 18 U.S.C. § 3161(h)(1)(F); *Daychild*, 357 F.3d at 1095 (9th Cir. 2004) (noting that the speedy trial clock is tolled while motion to dismiss under the Speedy Trial Act was filed, considered, and rejected).

//
//
//
//
//
//
//
//
//
//
//
//
//
//

**ORDER DENYING MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATIONS ~ 9**

### 4. Conclusion

Based on the above-findings and calculations, the Court finds that Defendant's Speedy Trial rights do not begin to run until January 12, 2026 and therefore have not expired. Moreover, Defendant has not shown his constitutional rights were violated. Defendant agreed to moving the trial from June 23, 2025 to January 12, 2026, and the time was reasonably excluded given the complexity of the case and the need for counsel to be adequately prepared.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss for Speedy Trial Violations, ECF No. 1158, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 5th day of December 2025.



Stan Bastian
Chief United States District Judge

**ORDER DENYING MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATIONS ~ 10**